DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CRAIG WINN,                                      )
                                                 )
                Plaintiff,                       )
                                                 )
        v.                                       )   Civil Action No. 2023-0038
                                                 )
PATRICK CURRY, PJC INVESTMENTS,                  )
LLC, M/Y QARA, and MARK SPERBER,                 )
                                                 )
                Defendants.                      )
_____)

**Attorneys:**
**Lee J. Rohn, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Craig M. O'Shea, Esq.**
St. Thomas, U.S.V.I.
    *For Defendants Patrick Curry, PJC Investments, LLC, and M/Y Qara*

**Charlotte S. Sheldon, Esq.**
St. Croix, U.S.V.I.
    *For Defendant Mark Sperber*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants Patrick Curry, PJC Investments, LLC, and M/Y Qara's ("Moving Defendants") "Motion to Withdraw Notice of Removal" (Dkt. No. 4), with the concurrence of Plaintiff Craig Winn and Defendant Mark Sperber.

On September 18, 2023, the Moving Defendants filed a "Notice of Removal" for the removal of Superior Court Case No. SX-2023-CV-00293 to this Court. (Dkt. No. 1). In the Notice, these Defendants asserted that this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1333(1), which vests exclusive jurisdiction in the district courts over any civil case of admiralty or maritime jurisdiction. *Id.* at 2. The Moving Defendants explained that, because

Plaintiff named Qara, a vessel, as a defendant in this case, the dispute falls within this Court's admiralty *in rem* jurisdiction. *Id.* at 4-5.

However, on September 28, 2023, the Moving Defendants filed the instant "Motion to Withdraw Notice of Removal." (Dkt. No. 4). In this Motion, these Defendants explain that, before they filed their Notice of Removal, Plaintiff had filed an Amended Complaint in the Superior Court of the Virgin Islands removing all claims against Defendant M/Y Qara.[1] *Id.* at 1. The Moving Defendants assert that, as a result of Plaintiff's amendments, "admiralty *in rem* jurisdiction no longer exists," and as such, they request that the Court "remand this matter to the Superior Court of the Virgin Islands." *Id.* at 1-2.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception . . . for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause . . . ." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (internal citations omitted).

Here, the Moving Defendants—with the concurrence of the remaining parties—concede that Plaintiff's removal of Defendant M/Y Qara from his First Amended Complaint means that "this Court does not have jurisdiction over this dispute." (Dkt. No. 4 at 2). This lack of jurisdiction

---

[1] As explained in the Motion, due to an apparent technical error, the First Amended Complaint did not appear on the public docket for over a week, despite bearing a file stamp reflecting that it was filed on September 18, 2023 at 9:15 a.m.—before the Moving Defendants filed their Notice of Removal. (Dkt. No. 4 at 1).

prohibits this Court from proceeding "at all" in this matter. *See Marathon Oil Co.,* 526 U.S. at 577. Accordingly, the Court will remand the case to the Superior Court of the Virgin Islands.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendants Patrick Curry, PJC Investments, LLC, and M/Y Qara's "Motion to Withdraw Notice of Removal" (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that the case is **REMANDED** to the Superior Court of the Virgin Islands, St. Croix Division; and it is further

**ORDERED** that the parties' subsequently filed Joint Stipulation of Dismissal with Prejudice (Dkt. No. 6) is deemed moot and of no effect in the District Court of the Virgin Islands;[2] and it is further

**ORDERED** that the Clerk of Court shall serve a certified copy of this Order on the Clerk of the Superior Court of the Virgin Islands, St. Croix Division, and shall include the original Superior Court case number in the proof of service; and it is further

**ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

**SO ORDERED**.

Date: January 4, 2024                                             _____/s/_____
                                                                                WILMA A. LEWIS
                                                                                District Judge

---

[2] The Court recognizes that the parties' Federal Rule of Civil Procedure 41(a)(1)(A)(ii) Joint Stipulation of Dismissal does not require an Order from the Court to render it effective. Nonetheless, in light of the Court's lack of jurisdiction, any further activity in this case—including the parties' Joint Stipulation dismissing the action—falls within the province of the Superior Court of the Virgin Islands.